# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **CLYDE E. WILLIAMS, JR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 1:17-cv-00076-TLS-SLC |
| | ) |
| **MARK A. SPITZER,** *sued in his official and individual capacity*, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On December 29, 2017, *pro se* Plaintiff Clyde E. Williams, Jr., filed a letter (DE 9) in this 42 U.S.C. § 1983 case, which the Court will construe as a motion, asking that the Court appoint an attorney to represent him. For the following reasons, Williams's motion will be DENIED.

*A. Applicable Law*

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). Under 28 U.S.C. § 1915(e)(1), a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Olson*, 750 F.3d at 711; *Pruitt,* 503 F.3d at 658.

"In deciding whether to request counsel, district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Olson*, 750 F.3d at 711 (alteration in original) (quoting *Pruitt,* 503 F.3d at 654); *see also McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018). The second

portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Olson*, 750 F.3d at 712 (quoting *Pruitt*, 503 F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*; *see also McCaa*, 893 F.3d at 1032-33.

*B. Analysis*

Williams filed his motion while incarcerated at the Grant County Jail, but he has since been released. In the motion, Williams states that he wrote several lawyers and even posted his need for a lawyer online, all to no avail. Williams did not provide the lawyers' names in his motion, citing his lack of access to his home computer during his incarceration. (DE 9).

This Court has previously required that a *pro se* plaintiff contact at least three attorneys concerning his case. *See, e.g.*, *Pollard v. Meadows*, No. 1:15-cv-00330-RLM-SLC, 2016 WL 128531, at *1 (N.D. Ind. Jan. 11, 2016). It is unclear from Williams's motion whether he adequately satisfied this threshold requirement concerning a request for recruitment of counsel. *See Jackson* v. *Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has

made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010). Even if Williams did, in fact, contact at least three attorneys, then these attorneys have chosen to pass up the opportunity to represent him, which speaks rather directly to the merits of Williams's case and raises a fair inference that these attorneys did not view his case as meritorious. *See Jackson*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

As to the second portion of the inquiry, Williams seems capable of litigating his claims himself, at least at this stage of the proceedings. He has already articulated his claims in this suit in a detailed, 23-page typewritten complaint (DE 1); sought various forms of relief through filing motions (DE 2; DE 4; DE 5; DE 9; DE 49; DE 67; DE 68); filed a response to Defendants' motion to stay (DE 31); participated in the parties' planning meeting (DE 81); participated in a Rule 16 preliminary pretrial conference (DE 82); and served Defendants with a written discovery request (DE 71). In this suit, Williams claims that Defendants (many of whom are various officials or contractors of Grant County, Indiana) conspired to violate and did, in fact, violate his First Amendment rights by requiring him to participate in a faith-based substance abuse treatment program. Williams also alleges that Defendants Craig Persinger and Evan Hammond committed legal malpractice and intentionally inflicted emotional distress upon him.

While the complexity of Williams's claims could weigh in favor of appointing counsel if the case proceeds to summary judgment or trial, the pleading and discovery phases of this case are not particularly complex. And it is evident from Williams's filings and participation in the preliminary pretrial conference that he has reasonably good communication skills, at least at a sufficient level to proceed *pro se. Cf. McCaa*, 893 F.3d at 1033 (concluding that the district

court erred by not appropriately considering that the incarcerated plaintiff's mental capacity required him to obtain assistance from another inmate); *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education). Further, Williams is no longer incarcerated and thus has the freedom to perform his own research. In fact, it was evident at the preliminary pretrial conference that Williams had already performed some research.

Considering the foregoing, Williams appears competent to adequately handle the litigation of this § 1983 case at this early stage of the proceedings. Consequently, his request for the appointment of counsel will be denied. If Williams's case survives the pending motions to dismiss (DE 46; DE 50; DE 59 to DE 63) and progresses through discovery, the Court will reconsider recruiting counsel for him, upon Williams's further motion, at the summary judgment or trial phase. *See Mungiovi v. Chi. Hous. Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("[The] court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing." (citation omitted)).

### C. Conclusion

For the forgoing reasons, Williams's letter (DE 9), requesting that the Court appoint him

counsel, is DENIED.  Williams is, of course, free to attempt to secure counsel on his own.

SO ORDERED.

Entered this 15th day of August 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge