**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| CLYDE E. WILLIAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-76-TLS |
| | ) | |
| MARK A. SPITZER, MILESTONE SERVICES, | ) | |
| MICHELLE BURROWS, DENNIS ALLEN, | ) | |
| LISA GLANCY, BRANT YEAKLE, | ) | |
| CYNTHIA MCCOY, MIKE HENSON, | ) | |
| SHANNON WRIGHT, CARLA SMITH | ) | |
| MIKE SMALL, MARIA SHULTZ, | ) | |
| RACHEL HERMAN, EVAN HAMMOND, | ) | |
| CRAIG PERSINGER, and, | ) | |
| THE GRANT COUNTY COUNCIL, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' various motions to dismiss for lack of

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or or failure to state a claim

pursuant to Federal Rule of Civil Procedure 12(b)(6). The Plaintiff brings this action pursuant to

42 U.S.C. §§ 1983 and 1985, alleging several causes of action against numerous Defendants,

including violations of his First Amendment rights, and state contract and tort claims. All

Defendants except Evan Hammond and Craig Persinger have filed motions to dismiss for lack of

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or motions to dismiss for

failure to state a claim pursuant to Rule 12(b)(6).

## BACKGROUND

This case results from a series of arrests involving the Plaintiff, Clyde E. Williams, Jr., from 2010 – 2014 and the Plaintiff's resultant participation in an alcohol rehabilitation program in Grant County, Indiana.

### A.    The Plaintiff's 2010 Arrest

The Plaintiff states that he was arrested in April 2010 in Grant County (cause no. 27D03-1004-FD-252 "FD-252") and charged with a felony and misdemeanor, resulting from a drunk driving arrest. (Pl.'s Compl. at ¶ 32, ECF No. 1.) The Plaintiff states that his attorney at the time, Defendant Craig Persinger, advised that he participate in Grant County Adult Drug Court program ("Drug Court") to ensure a better outcome in his case. (*Id.*, at ¶¶ 33, 35.) The Plaintiff claims that as part of Drug Court, he would have to participate in Defendant Milestone Services' ("Milestone") substance abuse program. (*Id.*, at ¶ 36.) The Plaintiff alleges that in Grant County, Indiana, only Milestone provides substance abuse treatment services and that it does not provide any non-faith based treatment options. (*Id.*, at ¶¶ 27–30.)

The Plaintiff states that he did not want to participate in Drug Court because he "did not agree with or subscribe to the outdated ideologies, teachings, and principles of AA." (*Id.*, at ¶ 38.) The Plaintiff states that he was assigned a probation officer, Defendant Rachel Herman, who informed him that he would have to undergo an assessment at Milestone and follow through with any treatment recommendations. (*Id.*, at ¶ 41.) The Plaintiff alleges that he informed Defendant Herman that he did not want to complete faith-based treatment and that she "became upset with the plaintiff's objections" and transferred his case to another probation officer, Defendant Maria Shultz. (*Id.*, at ¶¶ 42–44.) The Plaintiff claims that Shultz informed him that he had to participate in Milestone's faith-based treatment program. (*Id.*, at ¶ 47.)

The Plaintiff claims that Defendant Shultz filed a petition to revoke his probation on August 31, 2010 on the basis that he failed to successfully complete treatment at Milestone. (*Id.*, at ¶ 50.) The Plaintiff states that Defendant Shannon Wright, Deputy Prosecuting Attorney for Grant County, "vigorously" prosecuted Defendant Schultz's revocation petition. (*Id.*, at ¶¶ 51–51(a).) The Plaintiff alleges that during a compliance hearing resulting from the revocation petition, Defendant Mike Small, Assistant Chief Probation Officer with the Grant County Probation Department, advised the Plaintiff "in a very intimidating and threatening manner" that if he did not comply with the terms of his probation and complete treatment at Milestone, he would be jailed. (*Id.*, at ¶ 53.)

The Plaintiff states that he did complete faith-based treatment at Milestone, but that he did so "against his free will and over his objections." (*Id.*, at ¶ 52.) The Plaintiff states that the treatment caused him, among other things, anxiety, anger, depression, and rage "over the way he was forced to successfully complete the Milestone program against his will…" (*Id.*, at ¶ 56.)

**B.** **The Plaintiff's 2012 Arrest**

The Plaintiff states that on August 30, 2012, he was arrested and charged as a Habitual Traffic Violator in a drunk driving incident (cause no. 27D03-1208-FD-434 "FD-434"). (*Id.*, at ¶ 58.) The Plaintiff states that he again retained attorney Defendant Persinger to represent him and claims that Defendant Persinger advised him to participate in Drug Court, despite the Plaintiff's protests. (*Id.*, at ¶¶ 59–60.) The Plaintiff states that he declined to participate in Drug Court and, after a bench trial, was convicted and sentenced. (*Id.*, at ¶ 61.)

The Plaintiff claims that he became aware subsequently that Defendant Persinger had an alleged conflict of interest regarding the Plaintiff's treatment preferences. (*Id.*, at ¶ 62(b).) The Plaintiff alleges that Defendant Persinger was on the advisory board for Grant County

Community Corrections and was "instrumental in fashioning, shaping and developing the official policies and practices" of the Drug Court that only provided faith-based treatment options. (*Id.*, at ¶ 62(a).)

**C.    The Plaintiff's 2014 Arrest**

The Plaintiff states that he was arrested again on October 30, 2014 and charged as a Habitual Traffic Violator and operating a vehicle while intoxicated (cause no. 27C01-1410-F5-036 "F5-036"). (*Id.*, at ¶ 63.) The Plaintiff privately retained attorney Defendant Evan Hammond to represent him in this case and he was once again offered the chance of a diversion program through participation in Drug Court. (*Id.,* at ¶¶ 64–65.)

The Plaintiff states that he advised Defendant Hammond that he wanted to defend himself and discuss alleged conspiracies in Grant County that resulted in his arrest. (*Id.*, at ¶ 69.) The Plaintiff then claims that he informed Defendant Hammond "that if the state did not dismiss the case, return his drivers [sic] license, and stop these unwarranted and uncalled for prosecutions of him, that plaintiff would indeed document the facts and evidence of these conspiracies in his criminal proceedings and place the Adult Drug Court on trial." (*Id.*, at ¶¶ 69–70.) The Plaintiff states that Defendant Hammond extended the offer of diversion through the Drug Court again in October 2015. (*Id.*, at ¶ 71.)

The Plaintiff states that he met with Defendant Mike Henson, Drug Coordinator for Grant County, to determine his eligibility determination for Drug Court. (*Id.*, at ¶ 72.) The Plaintiff states that at the meeting with Defendant Henson, he noted his objections to lack of available secular programming, and Defendant Henson found him to be an ineligible candidate for Drug Court. (*Id.*, at ¶72–73.)

The Plaintiff claims that on December 4, 2015, Defendants Lisa Glancy, Chief Deputy

Prosecuting Attorney for Grant County, Carla Smith, Probation Officer for the Grant County

Probation Department, Henson, and Small appeared during the Plaintiff's hearing before the

Grant Circuit Court and attempted to admit the Plaintiff into Drug Court, contrary to the earlier

determination of the Plaintiff's ineligibility and the Plaintiff's protests. (*Id.*, at ¶ 75–76.) The

Plaintiff alleges that Defendant Glancy "was attempting to do so in order to obtain a waiver

which must be signed upon admittance to the Drug Court program; thereby silencing plaintiff

and protecting the program from scrutiny and exposure." (*Id.*, at ¶ 76.)

The Plaintiff states that he appeared for sentencing in front of Defendant, Judge Mark

Spitzer of the Grant County Circuit Court and Administrator of the Adult Drug Court in Grant

County, and stated that he expected Defendant Hammond to present evidence that the lack a non-

faith based treatment option had caused his subsequent arrests due to lack of acceptable

treatment, and it would be cruel and unusual to imprison him as a result. (*Id.*, at ¶¶ 79(a)–(j).)

The Plaintiff alleges that Defendant Hammond did not plan to present any of the Plaintiff's

arguments or evidence and that Defendant Glancy was prepared to have the Plaintiff jailed for 18

months in violation of the agreement "plaintiff thought he had with the state." (*Id.*, at ¶¶ 80–83.)

The Plaintiff then states that there was an issue with his bond and bond order and that he

subsequently fired Defendant Hammond. (*Id.*, at ¶¶ 90–94(a).)

**D.     The Present Litigation**

On March 8, 2017, the Plaintiff filed a pro se complaint [ECF No. 1] against the

following Defendants: Dennis Allen, Michelle Burrows, the Grant County Council, Lisa Glancy,

Evan Hammond, Mike Henson, Rachel Herman, Cynthia McCoy, Milestone Services, Craig

Persinger, Maria Shultz, Mike Small, Carla Smith, Mark A. Spitzer, Shannon Wright and Brant

Yeakle. The Plaintiff alleges several causes of action, including both federal and state law claims, against the various Defendants. The Court understands that the Plaintiff brings an action pursuant to 42 U.S.C. §§ 1983 and 1985 against all named Defendants. Specifically, the Plaintiff alleges that the Defendants violated the Plaintiff's First Amendment right to be free from state-coerced participation in a faith-based treatment program. (Pl.'s Compl. at ¶¶ 98, 101.) The Plaintiff also claims that all the named Defendants engaged in a civil conspiracy to violate the Plaintiff's constitutionally protected rights to be free from governmental coercion to practice or profess a religious belief, contrary to the First Amendment and 42 U.S.C § 1985. (*Id.*, at ¶ 123.) The Plaintiff alleges that he suffered financial and emotional harm because of the Defendants' conduct. (*Id.*, at ¶¶ 123–126.)

The Defendants, except Persinger and Hammond, have all moved to dismiss the Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) or failure to state a claim under Rule12(b)(6). On October 17, 2018, the Plaintiff filed a Consolidated Opposition to the Defendants' Motion to Dismiss [ECF No. 85]. On October 25, 2018, Defendants Glancy, Spitzer, and Wright [ECF No. 86], Allen, Burrows, and Milestone [ECF No. 87], and Henson, Grant County Council, McCoy, Small, Smith, and Yeakle [ECF No. 88], filed Replies to the Plaintiff's Opposition to the Defendants' Motion to Dismiss.

## STANDARD OF REVIEW

Rule 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). When considering a motion to dismiss

for lack of subject matter jurisdiction, a court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003).

Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). The Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the Plaintiff, and accepts as true all reasonable inferences that may be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.,* 67 F.3d 605, 608 (7th Cir. 1995). Surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

The Plaintiff brings claims against all the Defendants under 42 U.S.C. § 1983 for violations of his right to be free from religion under the First Amendment of the United States Constitution. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The Plaintiff also alleges a claim against all Defendants under 42 U.S.C. §1985(3) for violations of his right to be free from religion under the First Amendment of the United States Constitution. To state a claim under § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Faust v. Parke*, No. 3:96-CV-103RP, 1996 WL 698024, at *6 (N.D. Ind. Oct. 3, 1996), *aff'd*, 114 F.3d 1191 (7th Cir. 1997) (citing *United Bhd. of Carpenters and Joiners, Local 610 v. Scott,* 463 U.S. 825, 828-29 (1983)) (other internal citations omitted).

## A.   Grant County Council, Cynthia McCoy, and Brant Yeakle

On April 23, 2018, Defendants Grant County Council [ECF No. 62], Cynthia McCoy [ECF No. 61], and Brant Yeakle [ECF No. 59], filed Motions to Dismiss for failure to state a claim pursuant to Rule 12(b)(6). The Plaintiff, in his Opposition to the Defendants' Motion to Dismiss, admits that his complaint "does not sufficiently reveal [McCoy's and Yeakle's] involvement in the violation of his constitutional rights." (Pl.'s Opp. to Defs.' Mot. to Dismiss at 18.) The Plaintiff admits the same regarding his claims against Defendant Grant County Council. (*Id*., at 2.) The Plaintiff requests that the Court dismiss his complaint against Defendants Grant County Council, McCoy and Yeakle. (*Id.*, at 2, 18.) The Court understands that the Plaintiff seeks to dismiss his claims against these Defendants without prejudice in accordance with

Federal Rule of Civil Procedure 41(a)(1)(i). Rule 41(a)(1)(i) permits for "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

Federal Rule of Civil Procedure 41(a) provides the terms upon which a plaintiff can voluntarily dismiss an action. Fed. R. Civ. P. 41(a). The Court cannot grant the Plaintiff's request because these Defendants filed an answer on April 23, 2018 [ECF No. 64] and the Plaintiff did not seek their leave to dismiss his claims against them. Furthermore, the Seventh Circuit has indicated that Rule 41(a) should be used for the limited purpose of dismissing an entire action rather than for dismissal of individual parties or piecemeal claims. *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) ("Although some courts have held otherwise, we've said that Rule 41(a) does not speak of dismissing one claim in a suit; it speaks of dismissing an action—which is to say, the whole case.") (citation and internal quotations marks omitted)).[1] According to the Seventh Circuit, Rule 41(a) is not the proper vehicle for dropping individual parties or claims; instead, courts should allow a plaintiff to amend his complaint under Federal Rule of Civil Procedure 15(a). *Id*.

The Plaintiff has failed to object or otherwise respond to these Defendants' Motions to Dismiss except to request dismissal of his claims. "Failure to respond to an argument presented in a motion to dismiss results in waiver." *Jimerson v. Harris*, No. 2:15 CV 178, 2018 WL 339230, at *2 (N.D. Ind. Jan. 5, 2018) (citing *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("The silence resulting from [plaintiffs'] failure to file a response brief is deafening.")).

---

[1] The *Taylor* case involved Rule 41(a)(2) instead of 41(a)(1), but the court specifically noted that "*both* provisions refer exclusively to 'actions'—which, as *Berthold Types* said, means the entire case." *Taylor*, 787 F.3d at 857 (citing *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001) and *Nelson v. Napolitano*, 657 F.3d 586, 588 (7th Cir. 2011)).)

Accordingly, the Court GRANTS Defendants Grant County, Council, Cynthia McCoy, and Brant Yeakle's Motions to Dismiss [ECF No. 59, 61, and 62] and the Plaintiff's claims against those Defendants are DISMISSED WITHOUT PREJUDICE.

**B.       Defendants Allen, Burrows, Henson, Milestone Services, Schultz, Small, and Smith**

On April 12, 2018, Defendants Allen, Burrows, and Milestone filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) [ECF No. 46]. On April 23, 2018, Defendant Shultz [ECF No. 60] and Defendants Henson, Small, and Smith [ECF No. 63] filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6). On October 25, 2018, Defendants Allen, Burrows, and Milestone [ECF No. 87], and Defendants Henson, Small, Smith, and Shultz [ECF No. 88] filed a Response to the Plaintiff's Opposition to the Defendants' Motions to Dismiss.

These Defendants argue that the Plaintiff's claims are time-barred. Defendant Shultz argues that the Plaintiff's claims against her date only to 2010 and are thus accordingly time-barred. (Def. Shultz's Mot. to Dismiss at ¶¶ 3–5.) Defendants Allen, Burrows, and Milestone Services argue that the Plaintiff's claims against them date to 2011 and 2012, when he underwent treatment with Milestone. (Mem. of Law in Supp. of Defs. Milestone Services, Allen and Burrows' Mot. to Dismiss at 5, ECF No. 47.) Defendants Henson, Small, and Smith argue that the Plaintiff's claims dating back to his 2012 probation are time-barred. (Defs. Henson, Small, and Smith's Mot. to Dismiss at ¶¶ 4–8.)

Although ordinarily a claim's status as time-barred is an affirmative defense, a plaintiff can plead himself out of court if he presents facts that show his suit is time-barred or otherwise without merit. *Tregenza v. Great Am. Commc'ns Co.,* 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1085, (1994). "A complaint is subject to dismissal for failure to state a claim if

the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock,* 549 U.S. 199, 215 (2007). The Plaintiff's alleged injuries all occurred in Indiana and the Indiana statute of limitations applicable to §§ 1983 and 1985 actions is the two-year period found in Indiana Code 34-11-2-4. *See Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996); *see also Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699–700 (7th Cir. 2005) (finding that a civil rights action under § 1985 is governed by Indiana's two-year statute of limitations for personal injury actions). Section 34-11-2-4 requires an action to "be commenced within two (2) years after the cause of the action accrues." Ind. Code § 34-11-2-4. The statute of limitations for tort claims begins to run when the plaintiff discovers, or in the exercise of ordinary diligence could discover, that he has sustained an injury caused by another person's tortious act. *Kissinger v. Fort Wayne Cmty. Sch.*, 293 F. Supp. 3d 796, 811 (N.D. Ind. 2018) (citing *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992)). The Plaintiff's own pleadings date these Defendants' conduct and his injuries outside of the two-year statute of limitations. The Plaintiff dates his claims regarding Defendants Allen, Burrows, and Milestone's conduct prior to 2012, (Pl.'s Compl. at ¶ 56), Defendant Shultz's conduct to 2010, (*id.*, at ¶ 50), and Defendants Henson, Small, and Smith's conduct in relation to his 2010 arrest (cause no. FD-252) prior to 2012 and his 2012 probation prior to October 2014 (*id.*, at ¶¶ 36, 53, and 61.) Accordingly, the Plaintiff's claims regarding these Defendants and incidents are outside the two-year statute of limitations established for §§ 1983 and 1985 claims.

The Plaintiff, however, argues that the statute of limitations on his §§ 1983 and 1985 claims should be tolled for two reasons. First, he alleges that the Defendants engaged in

fraudulent concealment in failing to disclose the religious nature of the Milestone rehabilitation program. (Pl.'s Opp. to Defs.' Mot. to Dismiss at 12–13.) Second, the Plaintiff argues that the statute of limitations on his §§ 1983 and 1985 claims did not begin to run until he discovered the relevant case law and understood that he suffered a constitutional injury. (Pl.'s Opp. to Defs.' Mot. to Dismiss at 11.)

State doctrine governs the application of equitable tolling in §§ 1983 and 1985 cases. *See Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003) (discussing state law on equitable tolling and its application to § 1983 cases); *see also, Johnson v. State of Illinois*, No. 95 C 1281, 1996 WL 672251, at *3 (N.D. Ill. Nov. 14, 1996), *aff'd sub nom. Johnson v. State*, 124 F.3d 204 (7th Cir. 1997) (discussing state law governance of equitable tolling). Under Indiana law, statutes of limitations may be tolled due to fraudulent concealment. *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) (citing *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 932 (7th Cir. 2005).) In Indiana, the doctrine of fraudulent concealment is available to estop a defendant from asserting the statute of limitations when the defendant has, either by deception or by violating a duty, concealed from the plaintiff material facts, preventing the plaintiff from discovering a potential cause of action. *Logan,* 644 F.3d at 582 (citing *City of E. Chi. v. E. Chi. Second Century, Inc.*, 908 N.E.2d 611, 621–22 (Ind. 2009)). Where such concealment exists, the statute tolls the statute of limitation "until the plaintiff discovers the wrong." *Gonzalez v. ADT LLC*, 161 F. Supp. 3d 648, 655 (N.D. Ind. 2016) (citing *Alldredge v. Good Samaritan Home, Inc*., 9 N.E.3d 1257, 1261 (Ind.2014)).

The Plaintiff argues that that the Defendants concealed the fact that Milestone was a religious program and that he was unaware of the program's religious nature at the time. (Pl.'s Opp. to Defs.' Mot. to Dismiss at 10.) However, the Plaintiff's own pleadings indicate that he

was aware of the faith-based nature of the program. He writes "[T]he plaintiff was informed that the program required the successful completion of the faith-based treatment program offered by Milestone Services," (Pl.'s Compl. at ¶ 36), indicating that he himself was aware of the faith-based nature of the Milestone program in 2010. The Plaintiff fails to plead any facts that indicate the Defendants fraudulently concealed the religious nature of the treatment program offered such that the Plaintiff was unaware or could have become aware of the program's religious nature. Thus, the Plaintiff has not alleged any facts to support estoppel because of fraudulent concealment.

Second, the Plaintiff argues that the statute of limitations should be tolled because he was not aware of his injury until he came across relevant case law. (Pl.'s Opp. to Defs.' Mot. to Dismiss at 11.) "A claim accrues pursuant to § 1983 when the plaintiff knows or should know that his or her constitutional rights have been violated." *Marten v. Office of the Ind. Attorney Gen.*, No. 1:12-CV-00195-TWP, 2012 WL 5207617, at *3 (S.D. Ind. Oct. 22, 2012) (internal quotation marks omitted) (quoting *Behavioral Inst. of Ind., LLC*, 406 F.3d at 929). The Plaintiff's claim that he was not aware of the nature of his injury is unpersuasive. The Plaintiff noted his issues with faith-based programming as early as 2010. The Plaintiff stated that he "advised defendant Persinger of his decision not to participate in the program because plaintiff did not agree with or subscribe to the outdated ideologies, teachings, and principles of AA." (Pl.'s Compl. at ¶¶ 37-38). That the Plaintiff did not discover certain caselaw until 2017 does not mean that the statute of limitations should be tolled. *Cf. Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002) (claim accrues when plaintiff has knowledge of both the existence and cause of his injury, and not at a later time when he knows that the acts inflicting the injury may constitute malpractice); *Begley v. Howmet Turbine Components Corp.*, No. S87-491, 1988 WL

114595, at *1 (N.D. Ind. June 20, 1988) (noting that "ignorance of legal rights does not toll a statute of limitations.").

The statute of limitations therefore bars the Plaintiff's claims against Defendants Allen, Burrows, Henson, Milestone Services, Small, and Shultz. Accordingly, the Court GRANTS Defendants Allen, Burrows, and Milestone Services' Motion to Dismiss [ECF No. 46], Defendants Henson, Small, and Smith's [ECF No. 63], and Defendant Shultz's [ECF No. 60] Motions to Dismiss for failure to state a claim. The Plaintiff's claims against these Defendants as they relate to his 2010 and 2012 arrests (cause nos. FD-252, FD-454) are DISMISSED WITHOUT PREJUDICE.

1.      *Plaintiff's Remaining Claims Against Henson, Small, and Smith*

The Plaintiff also brings claims against Defendants Henson, Small, and Smith in relation to his 2014 (F5-036) arrest in both their official and individual capacity. A Plaintiff must allege state action, in violation of the Constitution, to assert a claim pursuant to § 1983. *Oladeinde v. Cameron Mem'l Cmty. Hosp.*, No. 1:12-CV-359-TLS, 2013 WL 3421922, at *3 (N.D. Ind. July 8, 2013). Under *Monell* liability, policymakers can be sued in their official capacity for promulgating unconstitutional policies or allowing unconstitutional polices so regularly that they have the force of policy. *Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 674–675 (7th Cir. 2009) (citing *Monell v. City of New York*, 436 U.S. 658, 98 (1978)). A plaintiff "can establish a 'policy or custom' by showing: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final

policymaking authority." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (internal quotation marks and citation omitted).

The Plaintiff does not overcome this threshold inquiry. The Plaintiff states that Defendant Henson found him ineligible for Drug Court in October 2015. The Plaintiff states that Defendants Henson, Small, and Smith appeared at the Plaintiff's hearing on December 4, 2015 to admit him into Drug Court. (Pl.'s Compl. ¶¶ 73–76, 79(h).) The Plaintiff's Complaint does not indicate how the Defendants' alleged attempts to place the Plaintiff in Drug Court resulted in a constitutional injury. The Plaintiff does not allege that he participated in a faith-based rehabilitation program, in contravention of the First Amendment, due to the Defendants' behavior. Rather, the Plaintiff summarily states that these Defendants attempted to admit the Plaintiff to Drug Court to "silenc[e] plaintiff and [protect] the program from scrutiny and exposure." (*Id.*, at ¶ 76.) The Plaintiff fails to plead a constitutional injury for his official capacity and individual capacity claims. Therefore, the Plaintiff's claims against Defendants Henson, Small, and Smith pursuant to 42 U.S.C. § 1983, in relation to his December 2015 court appearance regarding his 2014 arrest (F5-036), are DISMISSED WITHOUT PREJUDICE.

To sustain a § 1985 claim against Defendants Henson, Small, and Smith, the Plaintiff must adequately plead that the Defendants deprived him of "the equal protection of the laws, or of equal privileges and immunities under the laws." "[A] successful § 1985(3) claim requires the plaintiff to establish 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Axt v. City of Fort Wayne*, No. 1:06-CV-157-TS, 2006 WL 3093235, at *4 (N.D. Ind. Oct. 30, 2006) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102 91 S. Ct. 1790, 1799, 29 L. Ed. 2d 338 (1971)).

The Plaintiff does not allege that he is a member of a protected class nor that these Defendants acted with "discriminatory animus" toward him as a result. The Plaintiff does not allege that he was discriminated in this instance due to his unwillingness to participate in faith-based programming. The Plaintiff instead argues that the Defendants acted in a retaliatory fashion to "silence" his whistleblowing attempts and to "protect [Drug Court] from scrutiny and exposure." (Pl.'s Compl. at ¶¶ 76, 79(h)–(i).) The Plaintiff fails to plead facts sufficient to sustain a § 1985 claim. Therefore, the Court GRANTS Defendants Henson, Small, and Smith's Motion to Dismiss [ECF No. 63] in relation to the Plaintiff's December 2015 court appearance regarding his 2014 arrest (F5-036). The Plaintiff's claims are DISMISSED WITHOUT PREJUDICE against Defendants Henson, Small, and Smith in relation to his December 2015 court appearance regarding his 2014 arrest (F5-036).

## C. Defendants Glancy, Spitzer, and Shannon Wright

On April 13, 2018, Defendants Lisa Glancy, Judge Mark A. Spitzer, and Shannon Wright filed a motion to dismiss pursuant to 12(b)(1) due to the Court's lack of subject matter jurisdiction and 12(b)(6) for the Plaintiff's failure to state a claim [ECF No. 50]. On October 25, 2018, Defendants Glancy, Spitzer, and Wright filed a reply to the Plaintiff's response to their motion to dismiss [ECF No. 86].

In the Plaintiff's Consolidated Opposition to the Defendants' Motion to Dismiss, filed on October 17, 2018, the Plaintiff requests dismissal of his official capacity claims against Defendants Glancy, Spitzer, and Wright (Pl.'s Opp. to Defs.' Mot. to Dismiss at 2.) The Court construes this as the Plaintiff requesting dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(i). As Defendants Glancy, Spitzer, and Wright have not filed answers or motions for

summary judgment in this matter, the Plaintiff's request is timely. Therefore, the Court DISMISSES WITHOUT PREJUDICE the Plaintiff's official capacity claims against Defendants Glancy, Spitzer, and Wright.

The Plaintiff also brings claims against Defendants Glancy, Spitzer, and Wright in their individual capacity pursuant to 42 U.S.C. §§ 1983 and 1985(3). (Pl.'s Compl. ¶¶ 6(a), 10(a), 14(a).) The Defendants argue that the Plaintiff's claims against them in their individual capacity fail to state a claim for which relief can be granted because they are immune from suit under judicial and prosecutorial immunity. The Defendants argue that Defendant Judge Spitzer is entitled to absolute immunity and that Defendants Glancy and Wright are entitled to absolute immunity from civil liability based on performance of a prosecutorial function. (Glancy, Spitzer, and Wright's Mem. in Supp. of Defs.' Mot. to Dismiss at 2.)

The Plaintiff argues that he does not seek to sue Defendant Spitzer "for anything he did from the bench." (Pl.'s Opp. to Defs.' Mot. to Dismiss at 5.) Rather, he states the "plaintiff is suing defendant Spitzer for establishing a policy of only providing faith-based treatment in the ADC, and thereby conditioning the grant of a deferral from prosecution upon participation in a faith-based treatment program." (*Id.*, at 5.) He argues that the establishment of the policies and procedures for the operation of the ADC are not a judicial act. (*Id.*, at 6.) The Plaintiff argues that Defendants Glancy and Wright acted outside their authority as prosecutors in attempting to force the Plaintiff into Drug Court. (*Id.*, at 8–9.)

"Judges are generally entitled to absolute immunity from suit for their judicial conduct." *Schneider v. Cty. of Will*, 366 F. App'x 683, 684 (7th Cir. 2010). "A judge cannot be held liable in civil damages for actions performed in a judicial capacity." *Hunziker v. German-Am. State Bank*, 697 F. Supp. 1007, 1012 (N.D. Ill. 1988), *aff'd*, 908 F.2d 975 (7th Cir. 1990). Judicial

immunity is "applicable in suits under section 1983 because the legislative record gave no clear indication that Congress meant to abolish wholesale all common-law immunities." *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005) (internal quotations and citations omitted). However, "[a]bsolute immunity applies to judicial acts and does not . . . protect the judge from acts that are ministerial or administrative in nature." *Bostic v. Vasquez*, 2018 WL 1762847, at *6 (N.D. Ind. Apr. 12, 2018) (internal citations omitted).

The Plaintiff alleges that Judge Spitzer's actions in attempting to place him in Drug Court qualify as administrative rather than judicial. (Pl.'s Opp. to Defs.' Mot. to Dismiss at 5.) Indiana law adopts the federal approach to judicial immunity with respect to administrative actions. *Ray v. Medlock*, 2012 WL 5499630, at *2 (S.D. Ind. Nov. 13, 2012) (citing *Mendenhall v. City of Indianapolis*, 717 N.E.2d 1218, 1226 (Ind. Ct. App. 1999)). "The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (citing *Forrester*, 484 U.S. at 224). The Seventh Circuit in *Lowe v. Letsinger*, 772 F.2d 308, 313 (7th Cir. 1985) described three factors that determine whether a particular act or omission is entitled to judicial immunity: "(1) whether the act or decision involves the exercise of discretion or judgment, or is rather a ministerial act which might well have been committed to a private person as to a judge; (2) whether the act is normally performed by a judge; and (3) the expectations of the parties, i.e., whether the parties dealt with the judge as judge." *Id.*, at 312.

The Court understands that the Plaintiff argues that Drug Court is not a "court," but rather an administrative body. (Pl.'s Opp. to Defs.' Mot. to Dismiss at 5–6.) Drug Court in Indiana, however, is a sentencing option that involves judicial intervention and does not involve simple ministerial act. *See Withers v. State*, 15 N.E.3d 660, 662 n.1–2 (Ind. Ct. App. 2014). Judge

Spitzer had jurisdiction to preside over the Plaintiff's criminal case, place him on probation and require him to attend counseling after he was convicted, and pursue sentencing options that might place a defendant in Drug Court. *See, e.g.*, *Edwards v. Kepner*, No. 4:08-CV-0038 AS, 2008 WL 3288326, at *1 (N.D. Ind. Aug. 8, 2008) (noting Judge Kepner had the jurisdiction to place Defendant on probation and require him to attend counseling after conviction). Judge Spitzer's actions were not ministerial, were normally performed by a judge, and the judge acted in a judicial capacity. Therefore, Judge Spitzer's actions are entitled to absolute immunity against the Plaintiff's §§ 1983 and 1985 claims.

The Plaintiff also claims that Defendants Glancy and Wright acted outside of prosecutorial function. Prosecutors enjoy absolute immunity when performing tasks that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein,* 555 U.S. 335, 343–44 (2009). A civil claim against a prosecutor is absolutely barred if the prosecutor was performing functions "intimately associated with the judicial phase of the criminal process" such as initiating and pursuing a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 420–424, 430 (1976). "Prosecutors are absolutely immune, both individually and in their official capacities, from liability under section 1983 for evaluating evidence, initiating a prosecution, and presenting the State's case." *Finnegan v. Myers*, No. 3:08-CV-503, 2011 WL 781582, at *12 (N.D. Ind. Mar. 1, 2011) (citing *Imbler,* 424 U.S. at 409). Prosecutorial immunity also extends to claims brought pursuant to § 1985. *See Sims v. Kernan*, 29 F. Supp. 2d 952, 959 (N.D. Ind. 1998) (citing *Snelling v. Westhoff,* 972 F.2d 199 (8th Cir. 1992), *cert. denied* 506 U.S. 1053(1993)). To be entitled to absolute immunity, the Defendants must show that each allegedly improper act was intimately associated with the judicial process. *O'Vadka v. Van Bokkelen-U.S. Attorney-N. Dist. of Ind.*, No. 3:07-CV-159, 2008 WL 182138, at *1 (N.D. Ind. Jan. 17, 2008).

Prosecutions, plea bargains, and probation enforcement actions are well within the realm of prosecutorial immunity. *Westbrook v. Indiana*, No. 3:10-CV-526, 2011 WL 4361571, at *4 (N.D. Ind. Aug. 11, 2011) ("In deciding to prosecute and plea bargain Westbrook, Glancey exercised legal judgments that are basic trial-related duties of a prosecutor"), *report and recommendation adopted*, No. 3:10-CV-526 JD, 2011 WL 4368817 (N.D. Ind. Sept. 19, 2011). Prosecutors are absolutely immune for initiating probation revocation proceedings. *Baltzer v. Birkett*, No. 02 C 4718, 2003 WL 366577, at *4 (N.D. Ill. Feb. 19, 2003) (citing *Hamilton v. Daley,* 777 F.2d 1202, 1213 (7th Cir. 1985)). The Plaintiff takes issue with Defendant Wright's pursuit of probation revocation and Defendant Glancy's attempts to place him in Drug Court. Both actions are entitled to prosecutorial immunity and the Plaintiff does not plead any facts that indicate Defendants Glancy or Wright undertook improper acts that would defeat the immunity. Therefore, the Court DISMISSES WITHOUT PREJUDICE pursuant to 12(b)(6), the Plaintiff's claims against Defendants Glancy, Spitzer, and Wright.

The Plaintiff also seeks declaratory and monetary relief from Defendants Glancy, Spitzer, and Wright. The Defendants argue that the Plaintiff's monetary claims are barred by the Eleventh Amendment and that his declaratory judgment claims, if the only surviving claims, are insufficient to confer jurisdiction upon the Court. (Defs. Glancy, Spitzer, and Wright's Mem. in Supp. of Mot. to Dismiss at 5, n.2.) The Plaintiff does not respond to these Defendants' arguments. Therefore, the Court must accept the Defendants' arguments and DISMISSES WITHOUT PREJUDICE the Plaintiff's requests for monetary and declaratory judgment against these Defendants for lack of subject matter jurisdiction.

## D.    Defendants Hammond, Herman, and Persinger

The Plaintiff brings claims against Defendants Hammond, Herman and Persinger and, given the number of claims and Defendants in this case, the Court will evaluate the Plaintiff's claims against them in the interests of judicial economy. A sua sponte "dismissal pursuant to Rule 12(b)(6) is permitted, 'provided that a sufficient basis for the court's action is evident from the plaintiff's pleading.'" *Ruiz v. Kinsella*, 770 F. Supp.2d 936, 945 (N.D. Ill. 2011) (quoting *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997)); *see also*, *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service[.]") (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999)).

Defendant Herman is mentioned sparingly throughout the Plaintiff's Complaint and the Plaintiff fails to articulate his §§ 1983 and 1985 claims against her. The Plaintiff mentions that Herman transferred his probation to Defendant Shultz, (Pl.'s Compl. at ¶¶ 42–46), but that is the extent of his discussion of Herman's conduct. These statements are insufficient to sustain any of the claims against Defendant Herman. Federal Rule of Civil Procedure 8(a)(2) requires that Complaint contain a "short plain statement of the claim showing that the pleader is entitled to relief." To meet the standard of Rule 8(a)(2), the complaint must describe the claim in sufficient detail "to give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The Plaintiff has not indicated how Defendant Herman's transfer of his probation resulted in constitutional injury and the Court must proceed accordingly. The Plaintiff fails to allege any actionable claims against Defendant Herman. Therefore, the Court DISMISSES WITHOUT PREJUDICE the Plaintiff's claims against Defendant Herman.

The Plaintiff also alleges claims against Defendant Persinger pursuant to §§ 1983 and 1985(3). (Pl.'s Compl. at ¶¶ 101, 102, 104, and 123.) The Court notes that there is inconsistency in the Plaintiff's Complaint. The Plaintiff states that "he is not pursuing a claim against defendant Persinger for his handling of the criminal case itself as that claim is not yet ripe for review; no claim has accrued there and plaintiff asserts no such claim here." (*Id.*, ¶ 56(e).) The Plaintiff lists Persinger in his causes of action, however, and the Court understands that the Plaintiff brings claims against him. Regardless, as explained above, the Plaintiff's federal claims against Persinger are time-barred as they relate to his 2010 arrest and prosecution and are subject to dismissal. Therefore, the Court DISMISSES WITHOUT PREJUDICE the Plaintiff's federal claims against Defendant Persinger for failure to state a claim in accordance with Rule 12(b)(6).

The Plaintiff also brings §§ 1983 and 1985 claims against Defendant Hammond, his former attorney whom he privately retained. For § 1983 to apply, the Court must determine whether the alleged infringement can be fairly attributable to the State of Indiana. "While a private citizen cannot ordinarily be held liable under Section 1983 because that statute requires action under color of state law, if a private citizen conspires with a state actor, then the private citizen is subject to Section 1983 liability ." *Brokaw v. Mercer County,* 235 F.3d 1000, 1016 (7th Cir.2000). "A private citizen may become a state actor and liable under Section 1983 if that individual has a relationship with the state or its agent and the state or its agent is aware of the participation of the private individual and 'effectively directs, controls, or encourages the actions of a private party.'" *Proffitt v. Ridgway,* 279 F.3d 503, 510 (7th Cir.2002) (quoting *Wade v. Byles,* 83 F.3d 902, 905 (7th Cir.1996)). The Plaintiff does not indicate that Hammond is a state actor for the purposes of his § 1983 action. Rather, the Plaintiff alleges that Hammond became a

state actor due to his conduct in relation to the Plaintiff's 2012 arrest and court proceedings. (*Id.*, at ¶95.)

"Even though attorneys are licensed and regulated under state law, they are not state actors for the purposes of § 1983 unless they act in concert with state officials to deprive persons of their constitutional rights." *Patel v. Heidelberger*, 6 F. App'x 436, 437 (7th Cir. 2001). "Mere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). That Defendant Hammond declined to present arguments that were wholly unrelated to the Plaintiff's criminal case is insufficient to demonstrate Hammond acted under the color of state law or conspired with state actors. Hammond was a privately employed attorney and his actions cannot be construed as those of the state itself. *Patel*, 6 F. App'x at 438 (internal citations omitted). Therefore, the Plaintiff's § 1983 claim must fail.

Similarly, the Plaintiff's § 1985 claim against Hammond must also fail. The Plaintiff fails to plead that Hammond participated in a conspiracy. That Hammond did not present certain arguments at trial is insufficient to demonstrate that he participated in a conspiracy with Defendant Glancy.

Therefore, the Court DISMISSES WITHOUT PREJUDICE the Plaintiff's claims against Defendant Hammond.

## E.    Supplemental Jurisdiction Claims

The Plaintiff brings several state law tort claims against the Defendants, including "breach of trust," intentional infliction of emotional distress, legal malpractice, among others, and requests monetary relief. (Pl.'s Compl. at ¶¶ 105, 109, 113, 116, 128–131.) The jurisdiction of the Court over the state-law claims is based on the supplemental jurisdiction statute, 28 U.S.C.

§ 1367(a), which extends the jurisdiction of federal district courts to all claims that are sufficiently related to the claim or claims on which their original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Constitution. The federal statute that allows supplemental jurisdiction of state law claims also provides that the district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) (noting that established law of this circuit is that the "usual practice" is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed before trial). "[T]he principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3)." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) (citing *Groce*, 193 F.3d at 501).

Considering judicial economy, convenience, fairness, and comity, *see Wright*, 29 F.3d at 1251, this Court does not find a basis to retain jurisdiction of the case. *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 615 (7th Cir. 2007) (noting that "the court must choose the course that best serves the principles of economy, convenience, fairness and comity which underlie the pendent jurisdiction doctrine…") (internal citations and quotations omitted).

## F.    IMPACT OF DISMISSAL

The Plaintiff no longer has a right to amend his pleading as a matter of course. *See* Fed. R. Civ. P. 15(a)(1) (providing for amendment as a matter of course within 21 days after service

of the original pleading or 21 days after service of a motion under Rule 12(b)(6)). Ordinarily, when a court dismisses an original complaint under Rule 12(b)(6), the plaintiff should be given at least one opportunity to try to amend the complaint before the entire action is dismissed. *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). Although leave to amend should be freely given when justice so requires, *see* Fed. R. Civ. P. 15(a), and a court should generally grant leave to amend after granting a motion to dismiss, it need not grant leave when "it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Runnion*, 786 F.3d at 519–20 (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). In this case, although it is unclear what repleading would accomplish—the Defendants' actions will presumably not change—the Court will not conduct a futility analysis unless it becomes appropriate in the context of the Plaintiff seeking leave to amend under Rule 15(a)(2).

The Plaintiff will be permitted an opportunity to file an amended complaint. *Luevano v. Wal–Mart Stores, Inc.,* 722 F.3d 1014 (7th Cir.2013) (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). The Plaintiff must address the defects in his Complaint that the Court noted within its Opinion and Order. The Plaintiff must plausibly suggest that the Defendants have violated his rights pursuant to §§1983 and 1985.

## CONCLUSION

For the reasons set forth above, the Court GRANTS the following Motions to Dismiss:

1. Grant County Council, Cynthia McCoy, and Brant Yeakle's Motions to Dismiss [ECF Nos. 59, 61, and 62] and DISMISSES WITHOUT PREJUDICE the Plaintiff's claims against them;

2.       Allen, Burrows, and Milestone Services' Motion to Dismiss [ECF No. 46] and DISMISSES WITHOUT PREJUDICE the Plaintiff's claims against them;

3.       Shultz's Motion to Dismiss [ECF No. 60] and DISMISSES WITHOUT PREJUDICE the Plaintiff's claims against her;

4.       Henson, Small, and Smith's Motion to Dismiss [ECF No. 63] and DISMISSES WITHOUT PREJUDICE the Plaintiff's claims against them;

5.       Glancy, Spitzer, and Wright's Motion to Dismiss [ECF No. 50] and DISMISSES WITHOUT PREJUDICE the Plaintiff's claims against them in their individual capacities and DISMISSES WITHOUT PREJUDICE the Plaintiff's claims against them in their official capacities.

The Court also:

1.       DISMISSES WITHOUT PREJUDICE the Plaintiff's claims against Defendant Herman;

2.       DISMISSES WITHOUT PREJUDICE the Plaintiff's claims against Defendant Persinger; and

3.       DISMISSES WITHOUT PREJUDICE the Plaintiff's claims against Defendant Hammond.

Therefore, the Court GRANTS the Plaintiff until January 22, 2019 to file a Motion for Leave to Amend and present a proposed Amended Complaint for review regarding his claims that have not been dismissed with prejudice. If the Plaintiff does not file a Motion for Leave to Amend by January 22, 2019, the Court will direct the Clerk to close this case.

SO ORDERED on December 20, 2018.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT